United States District Court

Eastern District of California

Jeff Jay Hancock,

    Plaintiff,    No. Civ. S 05-1842 LKK PAN P

  vs.    Order

A. Pomazal,

    Defendant.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  He has paid the $250 filing fee required by 28 U.S.C. § 1914(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    I have reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and find it does not state a cognizable claim against any defendant.  The complaint is dismissed with leave to amend.

    Any amended complaint must show the federal court has jurisdiction and that plaintiff's action is brought in the right

place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v.</u>

Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1986).

It is sufficient, for example, for a prisoner who claims his Eighth Amendment guarantee against cruel and unusual punishment has been violated by inadequate medical care to allege that on a specific day an identified state actor with individual responsibility for obtaining or providing medical care knew the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial personal injury.

1 　　　The court (and defendant) should be able to read and
2 understand plaintiff's pleading within minutes.  McHenry, supra.
3 A long, rambling pleading, including many defendants with
4 unexplained, tenuous or implausible connection to the alleged
5 constitutional injury or joining a series of unrelated claims
6 against many defendants very likely will result in delaying the
7 review required by 28 U.S.C. § 1915 and an order dismissing
8 plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation
9 of these instructions.
10 　　　An amended complaint must be complete in itself without
11 reference to any prior pleading.  Local Rule 15-220; see Loux v.
12 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an
13 amended complaint, the original pleading is superseded.
14 　　　Plaintiff is admonished that by signing an amended complaint
15 he certifies he has made reasonable inquiry and has evidentiary
16 support for his allegations and that for violation of this rule
17 the court may impose sanctions sufficient to deter repetition by
18 plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require
19 plaintiff to obey all laws, including this one, and plaintiff may
20 be punished by prison authorities for violation of the court's
21 rules and orders.  See 15 Cal. Admin. Code § 3005.
22 　　　Title 42 of the United States Code § 1997e(a) provides a
23 prisoner may bring no § 1983 action until he has exhausted such
24 administrative remedies as are available to him.  The requirement
25 is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).
26 Plaintiff is further admonished that by signing an amended

4

complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. The complaint is dismissed with leave to amend within 45 days. Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

So ordered.

Dated: November 29, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge