IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF JAY HANCOCK,

   Plaintiff,      No. CIV S-05-1842 LKK PAN P

  vs.

A. POMAZAL, et al.,

   Defendants.     FINDINGS & RECOMMENDATIONS

_____/

   Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983. On November 30, 2005, the court dismissed plaintiff's complaint for failure to state a claim and explained to plaintiff the requirements of an amended complaint. Plaintiff has filed an amended complaint.

   The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds it fails to state a claim against defendants Andrew Pomazal, Richard Sandham, the warden of California Correctional Center or the director of the California Department of Rehabilitation and Corrections.

   To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988).

1   Plaintiff alleges defendant Pomazal was deliberately indifferent to plaintiff's
2 serious medical needs by performing a chiropractic adjustment on plaintiff resulting in injury to
3 plaintiff.
4   A prisoner who claims his Eighth Amendment guarantee against cruel and
5 unusual punishment has been violated by inadequate medical care must allege that on a specific
6 day an identified state actor with individual responsibility for obtaining or providing medical care
7 knew the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by
8 failing to take reasonable measures resulting in avoidable persistent severe pain or avoidable
9 substantial personal injury. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511
10 U.S. 825, 837 (1994).  Negligence does not amount to a constitutional violation.  Estelle, 429
11 U.S. at 106.
12   Plaintiff's allegations do not state a claim that defendant Pomazal was deliberately
13 indifferent.
14   Plaintiff alleges defendants Sandham, the warden and the Director of Corrections
15 are subject to liability by virtue of their supervisory authority.
16   To state a claim against a supervisor who did not himself personally inflict alleged
17 constitutional injury, plaintiff must allege an identified state actor in a position of authority (1)
18 caused others to act, or knowingly refused to stop them from acting, knowing or having
19 reasonable cause to know they would inflict an identified constitutional injury; (2) approved such
20 conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such
21 injury as to demonstrate reckless or callous indifference to constitutional injury. Redman v.
22 County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)  (en banc);  Taylor v. List, 880 F.2d
23 1040, 1045 (9th Cir. 1989), Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989); Johnson v.
24 Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also, Jones v. Williams, 297 F.3d 930, 937 & fn. 4
25 (9th Cir. 2002).
26   Plaintiff fails to state a claim against defendants Sandham, the warden, and the

1  Director of Corrections.

2       For these reasons, IT IS HEREBY RECOMMENDED that claims against these
3  defendants be dismissed for plaintiff's failure to state a claim.  See <u>Lopez v. Smith</u>, 203 F.3d
4  1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to
5  file amended complaint unless the court can rule out any possibility that the plaintiff could state a
6  claim).

7       These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
9  after being served with these findings and recommendations, plaintiff may file written objections.
10 The document should be captioned "Objections to Magistrate Judge's Findings and
11 Recommendations."  Plaintiff is advised that failure to file objections within the specified time
12 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
13 Cir. 1991).

14 DATED: April 18, 2006.

UNITED STATES MAGISTRATE JUDGE

18 \004
19 \hanc1842.f&r dsms no cogn clm

3